285 So.2d 835 (1973)
W. R. ALDRICH & COMPANY
v.
Joseph SPALITTA.
No. 9560.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
J. B. Kiefer, New Orleans, for appellant.
Duncan S. Kemp, III, Hammond, for appellee.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
CRAIN, Judge.
The matter before us involves a suit by W. R. Aldrich and Company against Joseph Spalitta for certain amounts due under an excavating contract or alternatively for certain amounts due it under quasi-contract. The trial court awarded judgment in favor of the plaintiff-appellee in the amount of $2,383.69 together with legal interest and costs. From this judgment, the defendant, Spalitta appealed.
The record reveals that the appellant failed to appear for trial on the assigned date. The appellee was allowed to present his case and the trial court's judgment was rendered after hearing the evidence so produced.
The facts reveal that W. R. Aldrich and Company and Joseph Spalitta entered into a written agreement on October 28, 1967. According to the contract Aldrich was to lay and backfill 310 feet of ten inch steel casing on Louisiana State Project XXX-XX-XX *836 at a location termed Station 134 + 00. Under the agreement, the cost of Aldrich's service was to be determined by the depth of the excavation. For a depth of up to six feet, the price was to be $1,200.00; from 6-8 feet-$1,400.00; and from 8-10 feet-$1,600.00.
On May 7, 1968, Aldrich sent a crew to the excavation site, Station 134 + 00. The foreman in charge was directed by Spalitta to commence work at another location, Station 122+70, instead of the site provided in the contract. The foreman ordered his crew to the new site and the work commenced at Spalitta's request. During the excavating, Victor Raxdale, the project engineer for Aldrich, discovered the change in location and advised Spalitta that because of various factors including the different type soil, and the different contour of the land at the new site, the cost would be greater. The record reveals that Spalitta made no objection and the work was completed in due course. The first objection by Spalitta to the increased costs came well after he had received the final bill for $2,383.69.
The appellee alleged two alternative theories of recovery, one in contract, and one in quasi-contract. We are not favored with written reasons for judgment by the trial court, and therefore, we do not know upon which grounds the trial court based its decision. We will therefore consider the issues as presented in the appeal by the litigants.
Appellant contends that parole evidence is not admissible to vary the terms of the written agreement in this case. The thrust of plaintiff-appellee's contention regarding its contractual claim was that the original written agreement was, after its execution, modified by a subsequent agreement between the parties. It is well settled in our jurisprudence that where an agreement is not required to be in writing, parole evidence may be introduced to prove a subsequent modification of the original agreement. Southern Fleet Leasing Corporation v. Brown, 257 So.2d 819 (La.App. 1st Cir. 1972); Salley v. Louviere, 183 La. 92, 162 So. 811 (1935). We therefore find that the evidence introduced to prove the modified agreement was indeed admissible.
We now must examine the record to see if there was sufficient evidence upon which the trial court could have found that the agreement was so modified. The record reveals that J. J. Dodson, a consulting engineer, was the project engineer employed by Spalitta to locate the elevation of the casing in question. He testified that Spalitta changed the location of the excavation from Station 134+00 in the contract to Station 132+70. He further testified that he himself advised Spalitta of the probability of increased cost because of the change in location. Victor Raxdale, a civil engineer employed by Aldrich as supervisor of the excavation, testified that in the new location the excavation had to be carried to a depth greater than the ten foot maximum depth anticipated in the contract for the original site. Increased costs resulted. He stated several other factors which also contributed to the increased costs. Raxdale also stated that he personally advised Spalitta of the additional costs. Subsequent to the completion of the excavation and pipe laying to be done by Aldrich, Spalitta welded the pipe together prior to the backfilling which also was performed by Aldrich.
Although there are no facts in the record to prove that Spalitta expressly consented to the modification of the contract and the additional costs, we feel that the circumstances were such that the trial court could find that the contract was modified by implication. It is clear in our law that such a modification may be accomplished by implication. Alliance Mfg. Co. v. Foti, La.App., 146 So.2d 464, writ refused, 243 La. 1005, 149 So.2d 763. In the case at bar, Spalitta himself ordered the change of location. He was made well aware of the probability of additional costs, yet he raised no objection and allowed the *837 completion of the work under the contract. We feel that Spalitta, by his actions or inactions tacitly or implicitly consented to a modification with the additional costs in a reasonable amount. Aldrich was reasonably led to believe that the agreement had been so modified. The trial court apparently found that the additional cost sued for was reasonable. We find no error in the trial court's decision.
Because of our finding of the appellant's liability under contract, we are not called upon to consider appellee's claim under quasi-contract.
The judgment of the trial court is affirmed, all costs to be paid by defendant-appellant.
Affirmed.