313 So.2d 263 (1975)
Arthur LAWSON and George Cusachs, d/b/a Candlelight Electric
v.
O. J. DONAHUE, d/b/a Donahue Construction Company.
No. 6833.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1975.
Rehearing Denied June 11, 1975.
*264 Harris & Kulczak, Michael J. Kulczak and Ronald J. Harris, Metairie, for Arthur Lawson and George Cusachs, d/b/a Candlelight Electric, plaintiffs-appellees.
William J. Lopez, Marrero, for O. J. Donahue, d/b/a Donahue Const. Co., defendant-appellant.
Before LEMMON, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
This suit arises from a contract dispute between plaintiffs, electrical subcontractors, and defendant, a general contractor. The contract between the parties was signed on October 6, 1973. The contract is very simple; plaintiffs promised to do the electrical work on the renovation of a building in the City of Kenner according to the plans and specifications for that renovation, and defendant promised to pay plaintiffs $3,648.17 for the work. The contract does not provide for any specific method of payment; however, the evidence is clear that the parties made an oral agreement that plaintiffs would receive their money in three installments of basically one third the contract price each.
Soon after the contract was signed plaintiffs went on the job and completed the "roughing-in" work for which defendant paid them $1,300 with the approval of *265 the project architect. Following this partial payment trouble arose between plaintiffs and defendants. The actual disputes are too numerous to mention in full (there were 23 items mentioned by defendant) however, illustrative of their problems were the following disputes:
Defendant complained that plaintiffs would not furnish lighting for the other craftsmen to do their work. Plaintiff purchased the specified lighting fixtures but could not store them on the job site because the building was not enclosed or secured. Defendant claims the plaintiffs held up completion of the job by not doing their work. Plaintiffs claim the glass installer and architect held up not only them, but the whole job. Plaintiffs requested that defendant advance them further payment because they had purchased the lighting fixtures, bulbs and a specially built circuit panel and box. Defendant and the project architect refused this request for payment since they were not yet installed.
Finally, most of the disputes seemed to have resolved themselves because plaintiff wired the building, hung the fixtures and went out to the job site to install the circuit panel and box, which would have furnished the building with electrical power. Prior to installing the box on the rear of the building plaintiffs asked defendant if he was sure that was the location he wanted it in. The reason plaintiffs asked this was because they were aware that the owner of the building intended to put an addition onto the rear of the present building and would probably not want the box in that location or would not even want an "outside" box at all. The contractor referred the plaintiffs to the architect who told them to wait.
Following this occurrence plaintiffs again requested the payment of the labor and materials expended to that point and refused to return to the job site until they were paid. Defendant, in conjunction with the architect, again refused payment and when plaintiffs did not show up for work placed them in default, hired a new electrical sub-contractor and completed the renovation and addition, which included an "inside" circuit panel and box.
Following the default plaintiffs brought this suit for breach of contract and damages for the labor and materials expended on the job and loss of profit. Defendant reconvened for breach of contract and damages, alleging plaintiffs refused to return to the job to finish their work; that the new electrical sub-contractor's services plus the $1,300 already expended, plus the cost of repairing faulty workmanship attributable to plaintiffs had caused them a loss.
The trial court rendered judgment for plaintiffs on the principal demand in the amount of $3,133.69 and in favor of defendant on the reconventional demand in the amount of $499.14. Further the trial court ordered plaintiffs to give defendant the circuit panel and panel box and an electrical conduit. Defendant was ordered to return 128 fluorescent light bulbs which defendant had replaced with the specified type bulb.
The trial judge favored us with detailed and well-reasoned Reasons for Judgment. His findings of fact make it clear that he fully adopted the plaintiff's version of the facts and rejected most of what defendant alleged. Although we do not completely agree with the trial judge's credibility call in several minor details we cannot say it is manifestly erroneous.
The first issue before us is whether either or both litigants breached the contract. It is obvious on the face of the record, and the trial court so found, that defendants had breached the contract. Defendant admits orally modifying the terms of the contract to provide for progressive partial payments. An oral modification of a written contract is allowed in the jurisprudence and a breach of the oral agreement operates as if it were a breach of the written agreement. W. R. Aldrich *266 & Company v. Spalitta, 285 So.2d 835 (La.App.1st Cir. 1973); Alliance Manufacturing Company v. Foti, 146 So.2d 464 (La.App.4th Cir. 1962). It is clear from the evidence that defendant breached this oral agreement by refusing to make payment for the work done following the "roughing-in".
Defendant contends plaintiffs breached the contract by refusing to complete the job when requested to do so. Although, in a sense it might be said plaintiffs did breach the contract, we must point out that they had ample reasons. Firstly, defendant wanted them to continue work, yet at the same time could not decide what to do about the location of the essential circuit panel and box. Secondly, defendant refused to pay plaintiffs for the work already done, constituting a prior breach by defendant. The next issue is that of damages for the breach.
Plaintiffs' suit arises under LSA-C.C. Article 1934 which allows them the amount of the loss and profit of which they have been deprived. Plaintiffs itemized their loss on the basis of time and material charges at $3,133.69 for which the trial court granted full relief. Defendants contend that this amount, plus the $1,300.00 already paid plaintiffs, makes plaintiffs recovery more than the original contract price. While this position is essentially true, defendant has failed to consider the two items of extra work agreed upon between the parties. When these two items are added to the contract price it becomes evident that plaintiffs are not receiving more than the contract terms.
Finally, we affirm the judgment on the reconventional demand in that the specifications called for a certain type of light bulb for the fixtures and plaintiffs furnished a bulb of lesser quality. The cost to defendant of replacing the bulbs was $499.14, for which defendant received full recovery, and plaintiffs were returned the bulbs they had placed in the fixtures.
For the foregoing reasons the judgment of the lower court is affirmed. Defendant-appellant is to pay all costs.
Affirmed.