PRICE, Judge.
Kendrick Ryan brought this action against H. A. Alexander to recover the balance owed under a contract to clear land and to dig stock ponds for Alexander.
The disputed issues concern the extent of performance of the work by Ryan in accord with the agreement and the right of Alexander to recover any cost of correcting or completing work covered by the contract not performed by Ryan.
On May 15, 1973, Ryan contracted with Alexander tó clear approximately eighteen acres of land described as the Palmetto Beach Annex, excluding Lot 10 which was not owned by Alexander at that time. Ryan was to be paid $1,000 for the work in addition to the amount he received from the sale of merchantable timber sold from the tract. He agreed to pile and burn the un-merchantable timber and to complete the work in forty-five working days. During the progress of this work, Alexander ac *945 quired Lot 10 and an agreement was made with Ryan to also clear this lot for an additional amount of $150. An additional agreement was made for Ryan to perform the excavation work for two stock ponds and one stock tank in accord with the specifications of the Soil Conservation Service of the U.S. Department of Agriculture. For this work Ryan was to receive $.45 per cubic yard of dirt handled.
Ryan contends he completed the clearing of the tract in the time frame of the agreement with the exception of a low boggy area containing between one and two acres which was too wet to support heavy equipment. He further contends he had substantially completed the digging of the larger stock pond, the stock tank, and had begun the second stock pond when his equipment broke down and caused a three week delay for delivery of parts for repairs. During the period his equipment was inoperative, Alexander engaged another contractor to complete the work.
Alexander refused to pay Ryan for any work performed contending the clearing was not properly done or completed, and that Ryan had abandoned the work on the stock ponds and tank causing him to incur additional expense in completing the work.
Ryan alleges $2,339.50 is owed to him for work performed prior to being forced to leave .the job. This amount represents $1,150 for clearing work, less a reduction of $300 for the acreage contained in the wet area where he was unable to work, and $1,489.50 for removal of 2,447 cubic yards of dirt in construction of the stock pond and tank.
Alexander reconvened for $3,265. He contends this is the total of the amount paid to other contractors and for work he performed with his own equipment in completing the clearing of land and digging the ponds.
The trial court found Ryan to have substantially completed the contract for clearing, piling, and burning, and that he had been prevented from completing the work on the ponds by the action of Alexander in engaging another contractor before Ryan could complete repairs on his equipment. For this reason, Ryan was awarded the amount claimed by him of $2,339.50. The court found Alexander was entitled to a part of the expense claimed by him in removing stumps and other cleanup work on the cleared acreage, and awarded him $980 for this purpose under his reconventional demand.
Alexander has appealed contending the trial court erred in limiting the award on his reconventional demand to the sum of $980 for expense related solely to completing the clearing work, and in not allowing any part of the cost of completing the work on the stock ponds.
The evidence supports the finding of the trial court that Ryan had substantially performed the clearing contract. He is, therefore, entitled to payment of the contract price for this work less any cost incurred by Alexander in correcting defective or incompleted work. Louisiana Civil Code Article 2756; Brady v. Jay. 111 La. 1071, 36 So. 132 (La.1904).
His right to recover for work performed on the stock ponds depends on whether he was prevented from completing this work by Alexander hiring another contractor. There was no specified time for the completion of the work on the stock ponds. Ryan began this work punctually, and had performed 95 per cent of the work on two of the stock ponds, and had done about 50 per cent of the work on the third when the equipment on the job broke down. He notified Alexander of the difficulty and estimated he would be shut down about ten days for repairs. The repairs actually took three weeks because of a delay in getting parts. During this time, Alexander engaged another contractor to move in his equipment and finish the work. No charge was made by Ryan for the portion of the work done on the third pond. Under these circumstances, Ryan had not abandoned the work, and the action of Alexander in directing Brown to move in and take over the work was unjustified. The trial court prop *946 erly found Ryan was prevented from completing the work on the stock ponds and was entitled to be paid for the amount of work performed without any offset for the amount paid by Alexander to complete the work.
Alexander bears the burden of proving the amount spent in completing the clearing contract on the eighteen acres. Lillis v. Anderson, 21 So.2d 389 (La.App.Orl.1945). The evidence shows two contractors were engaged to perform some work on the eighteen acre tract as well as other adjacent lands of Alexander after Ryan removed his equipment from the job.
Neither contractor could testify specifically how much of their work related to the completion of the clearing which Ryan had contracted to perform.
The trial judge allowed approximately one-half of the amount charged by Loyd Brown who Alexander hired to complete the piling and burning of debris left by Ryan. The trial judge viewed the photographs of the area and could best judge how much timber or limbs was left undis-posed of after Ryan completed this phase of the contract. These photographs are not a part of the record on appeal, having been lost or misplaced prior to preparation of the transcript, and this court is not in a position to review this evidence.
The work performed by the other contractor, E. B. McDonald, was primarily to drain the wet area on which Ryan was unable to use his equipment during the course of the performance of his contract. Most of his work was beyond the scope of the work Ryan was engaged to do, and a proportionate reduction of the original contract price was made by Ryan to compensate for this one or two acre area. McDonald used a backhoe to remove stumps on several tracts belonging to Alexander in this area. The trial judge allowed the proportionate costs of this work attributable to the eighteen acre tract which is in accord with the evidence.
The judgment appealed is affirmed at appellant’s costs.