379 So.2d 1211 (1980)
GENERAL REFRIGERATION COMPANY OF LAKE CHARLES, INC., Plaintiff-Appellee,
v.
STYLE HOME BUILDERS, INC., Defendant-Appellant.
No. 7407.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
*1212 Camp, Carmouche, Palmer, Barsh & Hunter, J. A. Delafield and Skipper Drost, Lake Charles, for defendant-appellant.
Newman & Fazzio, A. J. Fazzio, Lake Charles, for plaintiff-appellee.
Before GUIDRY, SWIFT and LABORDE, JJ.
SWIFT, Judge.
Appellee, General Refrigeration Company of Lake Charles, Inc. (General Refrigeration), an air conditioning and heating contractor, filed this suit against appellant, Style Home Builders, Inc. (Style Home), a builder of speculative and custom built homes, for $11,866.24 as the balance allegedly due on several contracts, some written and some oral, for the installation of air conditioning and heating units and electrical work in a number of homes constructed by Style Home. The latter reconvened for $130,000.00 allegedly due it for General Refrigeration's failure to properly and completely perform its contractual obligations, damage to professional reputation, inconvenience, humiliation, embarrassment, wrongful and malicious prosecution of civil remedies, punitive damages and attorneys fees. After a trial on the merits, the judge allowed Style Home credits or offsets on several of the jobs involved in the suit amounting to $3,192.04 and rendered a judgment in favor of General Refrigeration for the balance of the amount sued for, $8,674.20. The award contained no offset for any of the other items claimed in the reconventional demand.
In his written reasons for judgment the trial judge detailed the credits allowed Style Home and his reasons therefor. Inasmuch as the appellant has not specified any error in this regard and appellee has neither appealed nor answered the appeal, it is unnecessary for this court to consider such credits. Nevertheless, having reviewed the entire record we feel obliged to say that we find no error in the rulings as to these credits.
Except for the additional credit of $95.00 mentioned hereinafter, we also agree with the judge's denial of the other claims asserted by appellant and adopt as our own opinion the following from his written reasons:
"A number of other credits or offsets claimed by defendant have been disallowed. Among them is the claim for the price differential between Gaffer & Sattler air conditioning units and Lennox units. In some instances, Gaffer & Sattler units were installed in the homes. In some instances, Gaffer & Sattler units were furnished when written specifications called for other brands. Plaintiff denies having ever seen the specifications relied upon by defendant, and contends that he was in compliance with his obligations in supplying the Gaffer & Sattler units. Be that as it may, defendant is *1213 not entitled to any offset or credit because it suffered no damages. In each of the instances in which defendant now claims credit for the price differential between Lennox and Gaffer & Sattler units, the homes were sold by the defendant, with no reduction in the sale price because of the presence in the home of a Gaffer & Sattler unit instead of some other type unit. With the exception of the job known as LE-17, all of the homes were built for speculation, and all in which Gaffer & Sattler units had been installed had been sold.
Defendant also argues that in certain instances in which it had Moreno's Air Conditioning, Inc. complete work not done by plaintiff, it is entitled to a credit of the difference between the contract price with plaintiff and the amount actually paid to Moreno's. However, in the instances claimed, the court finds that defendant had no authority to have Moreno's complete the job and charge the cost thereof back against the plaintiff. Plaintiff did refuse to do further work on some of the jobs, but it was justified in refusing to do so by defendant's failure and refusal to pay for work that had been completed. See Lawson v. Donahue, La. App. (1975) 313 So.2d 263.
Credit for the invoice of Monty Electric Company for alleged correction of improperly placed wall sockets (job LE-17) in the amount of $286.33 is rejected as being uncorroborated."
The district judge obviously gave great weight to the testimony of General Refrigeration's president in reaching his decision as to the controversies between these parties. From our review of the record, we are unable to say that he was manifestly in error in doing so. We are therefore bound by his findings of fact. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). And we agree with his application of law. However, the trial judge apparently overlooked the $95.00 expense which Style Home incurred with S & R Finishers for respraying ceilings in a house where vents were cut improperly by General Refrigeration. The appellant is clearly entitled a credit for this item and the judgment will be amended accordingly.
For the foregoing reasons, the judgment of the district court is amended to reduce the amount awarded from $8674.20 to $8579.20 and as amended it is affirmed at appellant's costs.
AFFIRMED AS AMENDED.