WATKINS, Judge.
Appellant, Martrain Motors, Inc., d/b/a Aqua Marine, seeks review of the trial court’s judgment awarding $976.62 to Roger Hutchinson for an alleged breach of contract.
Testimony indicates that upon purchasing a fiber glass skiff, Hutchinson went by Cajun Special Boats, Inc. to borrow a trailer to pick up the boat. While at Cajun Special, the owner of that establishment, Scoffield Lobell, telephoned Martrain Motors to obtain a quote on the type of motor and rigging that Hutchinson wanted installed in the skiff. During the phone inquiry Chip Martrain, a salesman and son of the president of Martrain Motors, quoted Lobell a price of $2,539.95. Hutchinson then brought the boat to Martrain and informed Don Martrain, who was Chip’s brother and also a salesman, of the price quoted by Chip Martrain. Don Martrain then drew up an agreement in that amount based upon the representations of Hutchinson.
Upon reviewing the agreement, Chip Martrain realized that the quote given over the phone did not include steering, a tachometer, and various other items, which were listed on the agreement as included in the contract price. Chip Martrain testified that he phoned Hutchinson and that Hutchinson agreed to an increased price to cover the steering, tachometer, and other items. Hutchinson denies that he ever made such an agreement.
*259 When Hutchinson went to pick up the boat, he tendered a check in the amount of the original agreement plus a sum for a trailer. The tender of the check was not accepted, and Hutchinson was refused possession of the boat because the amount of the cheek did not reflect the installation of the additional items mentioned above. Hutchinson left and later picked up the boat after it had been stripped of the work performed by Martrain.
Hutchinson brought suit for inconvenience, loss of use of the boat, and difference in cost of work which was later performed by another concern.
After trial, in oral reasons, judgment was rendered in favor of Hutchinson in the amount of $676.62, plus costs. The trial court was of the opinion that a written contract could not be amended by subsequent verbal agreement. That view is contrary to the laws of this state, under which if the contract is not required to be in writing, parol evidence is admissible to prove an amendment of a prior verbal contract, and that amendment must be given legal effect as constituting an amendment of the preexisting contract. Southern Scrap Material Co. v. Commercial Scrap Materials Corp., 239 La. 958, 120 So.2d 491 (1960); W. R. Aldrich & Co. v. Spalitta, 285 So.2d 835 (La.App. 1st Cir. 1973).
However, we do not find that there was in existence a preexisting contract that was subsequently amended. Rather, we are of the opinion, as appellant contends, that there was error as to the substance of the contract that prevented the formation of the contract.
Requisite consent for the formation of a contract is absent where there is an error of fact. LSA-C.C. art. 1819, 1820. However, not every error will invalidate a contract. Only errors, “... as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself”, are sufficient to invalidate a contract. LSA-C.C. art. 1823.
Thus, a contract may be avoided or invalidated for error as to the substance or substantial quality of the subject matter of the agreement. Jefferson Truck Equipment Co. v. Guarisco Motor Co., 250 So.2d 211 (La.App. 1st Cir. 1971).
After careful consideration of the testimony, we conclude that a mistake as to the subject matter of the contract led to the formation of the agreement. Hutchinson entered into the agreement evidently under the impression that the quotation given over the phone included steering. Chip Martrain, on the other hand, gave the quotation while under the misconception that the boat came equipped with steering. Under these circumstances, there was no meeting of the minds and consent was ineffective. Therefore, the contract cannot be given legal effect.
For the foregoing reasons, the judgment of the trial court is reversed at appellee’s cost.
REVERSED.