469 So.2d 1186 (1985)
ACADIANA HEALTH CLUB, INC., Plaintiff-Appellant,
v.
Dallas HEBERT d/b/a Falcon Floors, and Mohasco Industries, Inc., Defendants-Appellees.
No. 84-422.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*1188 Edwards, Stefanski and Barousse, James M. Cunningham, III, and Chris A. Edwards, Crowley, for plaintiff-appellant.
Privat and Regan, Kenneth O. Privat, Crowley, for defendants-appellees.
Before GUIDRY, FORET and KNOLL, JJ.
FORET, Judge.
Plaintiff, Acadiana Health Club, Inc., brought suit against defendants, Mohasco Industries, Inc. and Dallas Hebert, seeking rescission of a contract for carpet installation, damages, and attorney's fees, based on the unworkmanlike performance of defendant, Hebert, and redhibitory defects in the carpet. Defendant, Hebert, reconvened, seeking $6,990.65[1] which he claimed was due him under the contract. The court held for defendants but reduced the amount due defendant, Hebert, to $4,609.86. Plaintiff appealed the trial court's decision.
This appeal presents us with two issues:
(1) Whether the trial court erred in not granting a rescission of the contract between plaintiff and defendant, Dallas Hebert, for the installation of the carpet; and,
(2) Whether the court erred in not finding that the carpet was defective and holding the manufacturer-defendant, Mohasco Industries, Inc., liable for return of the purchase price and damages, including attorney's fees.
Plaintiff, Acadiana Health Club, Inc., operates a health club in Rayne, Louisiana. In 1977, the health club facilities were under construction. As part of that construction, plaintiff corporation entered into a contract with defendant, Dallas Hebert, for the installation of carpeting and linoleum *1189 flooring. During April or May of 1977, two employees of defendant, Dallas Hebert, installed the flooring and carpeting.
Bonnie Spell, part-owner and an employee of plaintiff corporation, chose a carpet manufactured by defendant to be placed in a number of rooms of the health club's facilities, including the gym. The price of the carpet was $15.95 per square yard, installed. The carpet had a large pattern, and when defendant's employees began laying it in the gym, it was soon apparent that the pattern was not matching. Mrs. Spell contacted defendant Hebert, who in turn contacted the manufacturer of the carpet, Mohasco Industries, Inc. Mohasco shipped an additional amount of the carpet to defendant Hebert, but it too did not match up since it was from a different "run". After some negotiations, the manufacturer agreed to reduce the carpet's price by $1,200, and defendant Hebert agreed to reduce his price by $300.
Soon after the carpet was installed, a number of its seams began to open up. On several occasions, defendant or its employees made repairs to the carpet. Defendant also completely re-did one room, the beauty shop, because the carpet's pattern was not properly aligned with the walls. Sometime after the last repairs were made by defendant or his employees, defendant sent a bill to plaintiff for $6,990.65. This bill was accompanied by a credit memo for $1,500, which reduced the price to $5,490.65.
Plaintiff continued to experience problems with the carpet coming apart at the seams. In order to prevent possible accidents, employees of the club used "duct tape" to make temporary repairs to the seams. Michael Hayes, a carpet installer, was hired to make more permanent repairs. In all, he performed $200 worth of repairs.
The trial court rendered judgment in favor of defendant, Dallas Hebert, on his reconventional demand, but reduced the contract price by $880.79, which amount included: $180.79 for re-carpeting an office, $200 for repairs by Hayes, and $500 for inconvenience. The trial court rejected all other demands of plaintiff.

THE CONTRACT FOR INSTALLATION
A prerequisite to determining liabilities of plaintiff and defendant, Dallas Hebert, toward one another is the correct characterization of the nature of the contract between them. If it is a sale, LSA-C.C. Articles 2520 et seq., which deal with redhibitory defects, are applicable. On the other hand, if the contract was a construction contract or a contract for work by the job, LSA-C.C. Articles 2756 et seq. are applicable.
There are three major factors in determining whether a contract is a contract of sale or a contract to build or to work by the job. First, in a contract to build, the "purchaser" has some control over the specifications of the object. Second, the negotiations in a contract to build take place before the object is constructed. Lastly, and most importantly, a building contract contemplates not only that the builder will furnish the materials, but that he will also furnish his skill and labor in order to build the desired object. Duhon v. Three Friends Homebuilders Corporation, 396 So.2d 559 (La.App. 3 Cir.1981); Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961).
In the present case, although plaintiff did not have any say as to the specifications of the carpet itself, it did have considerable input as to the object of the contract. Here, the object of the contract was not simply the sale of so many feet of carpet and flooring, but the job of carpeting and flooring the health club facilities. In this regard, plaintiff did specify the type of carpeting and flooring. Most importantly, the contract called upon the skill of the defendant and its employees to install the carpeting and flooring. We conclude that the contract between plaintiff and defendant was a construction contract.
With regard to construction contracts, the first consideration is whether there was substantial performance. If there was substantial performance, then the contractor may receive the contract *1190 price and the owner is relegated to having the price reduced by the amount necessary to perfect or complete the work. On the other hand, if there has not been substantial performance, the owner is entitled to damages and may rescind the contract and require return to the status quo. Airco Refrigeration Service, Inc. v. Fink, supra; Neel v. O'Quinn, 313 So.2d 286 (La.App. 3 Cir.1975), writ refused, 319 So.2d 440 (La. 1975).
Whether or not there has been substantial performance is a question of fact. Among the facts to be considered are: the extent of the defect or non-performance, the degree to which the defect or non-performance defeats the purpose of the contract, the ease of correction, and the use or benefit to the owner of the work performed. Airco Refrigeration Service, Inc. v. Fink, supra; Neel v. O'Quinn, supra; Merrydale Glass Works, Inc. v. Merriam, 349 So.2d 1315 (La.App. 1 Cir.1977), writ refused, 350 So.2d 1211 (La.1977).
The evidence showed that a number of the carpet's seams opened up after its installation. Although some $200 in repair work had to be performed because of this problem with the seams, this amount was relatively small compared to the original contract price of $6,990.95. Despite this problem, the carpet had been in use in plaintiff's facilities for over five years at the time of trial, and there was no claim by plaintiff that the problems with the carpet had disrupted the operation of the health club. Additionally, plaintiff admitted that no problem had been experienced with the linoleum flooring installed as part of the contract. We conclude that there was substantial performance of the contract by defendant.
The trial court reduced the contract price by $880.79. This amount included $180.79 to recarpet a small office which had been carpeted with five different pieces of carpet; $200 for repairs to the carpet; and $500 for inconvenience. Once substantial performance has been shown, the burden of proof shifts to the owner, who must prove the existence of the defects, and that they are due to faulty workmanship. He must also show the cost of repairing the defects. Neel v. O'Quinn, supra. Plaintiff offered no evidence of any additional expenditure to correct the problem with the carpet. Undisputed testimony established that the carpet had been in use in the health club's facilities for over five years, since April or May of 1977. The reduction in price which the court decreed was adequate to compensate plaintiff for defendant, Dallas Hebert's, faulty workmanship.

REDHIBITION ACTION AGAINST MANUFACTURER
Plaintiff contends that the carpet which defendant, Hebert, installed contained redhibitory defects, for which the manufacturer, Mohasco Industries, Inc., was responsible. A consumer has a cause of action in redhibition against a manufacturer based on the manufacturer's implied warranty without any need for privity of contract. Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972); Rey v. Cuccia, 298 So.2d 840 (La. 1974).
It was uncontested that when two rolls of the carpet were laid side by side in the club's gym, the pattern could not be matched and there was a slight shade difference between the two rolls. This mismatch of the pattern and shade difference apparently resulted from the rolls having come from two different "runs".
We feel that these problems with the carpet constituted defects in the carpet manufacture. We do not, however, feel that they were defects which would entitle plaintiff to a return of the purchase price. If the defects complained of do not render the thing useless, or its use so inconvenient that it is altogether unsuited to its purpose, a court may deny redhibition and grant a reduction in price. LSA-C.C. Art. 2542; Ark-La-Tex Builders & Realty, Inc. v. Hoge, 344 So.2d 90 (La.App. 2 Cir.1977).
In the present case, the defects in the manufacture of the carpet were not such as *1191 to render it useless or its use inconvenient to the degree that it was altogether unsuited to its purpose. This is borne out by the fact that plaintiff used the carpet in its health club facilities for over five years and was still using it at the time of the trial. Under the circumstances, the most which plaintiff was entitled to was a reduction in price.
The record shows that shortly, after the carpet was installed in 1977, defendant Mohasco reduced the price of the carpet by $1,200. This $1,200 reduction in price was passed on to plaintiff and contained in a credit memo attached to defendant Hebert's bill. This reduction in the price of the carpet is reflected in the court's judgment. We feel that this reduction in price, given by the manufacturer prior to the institution of this suit by plaintiff, was wholly adequate to compensate plaintiff for the manufacturing defects in the carpet.
A manufacturer is presumed to know of the defects in the things he manufactures, whether or not he has actual knowledge, and is answerable to the buyer, not only for restitution of the price, but for damages and attorney's fees. LSA-C.C. Art. 2545; Rey v. Cuccia, supra; Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133 (La.App. 3 Cir.1979). In the present case, plaintiff has presented no evidence of any economic loss incurred as a result of the carpet's manufacturing defects. Absent such proof, plaintiff is not entitled to recover anything in this regard.
Nor is plaintiff entitled to attorney's fees. Since defendant, Mohasco, had voluntarily granted the price reduction to plaintiff long before any legal action was taken by it, the prosecution of this suit to obtain that reduction was unnecessary. In light of this, the trial court's refusal to award attorney's fees to plaintiff was correct.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Acadiana Health Club, Inc.
AFFIRMED.
NOTES
[1] This amount was reduced by the attorney for plaintiff-in-reconvention to $5,490.65 to conform with a memo of credit issued by the plaintiff-in-reconvention.