516 So.2d 420 (1987)
FINISHERS DRYWALL, INC.
v.
B & G REALTY, INC.
No. 86 CA 1401.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Rehearing Denied January 7, 1988.
*421 C. Glenn Westmoreland, Baton Rouge, for plaintiff-appellee The Finishers Drywall, Inc.
Lee Herrington, Baton Rouge, for defendant-appellant B & G Realty, Inc.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
From a default judgment in favor of plaintiff, defendant appeals. We affirm. The parties agreed that plaintiff would furnish all labor and materials necessary to apply exterior coating to defendant's building for $49,900.00. Defendant charged *422 back $15,951.27 against the contract price, and refused to pay it. Plaintiff brought this suit to recover that amount allegedly remaining due under the contract.
Claiming that the contract required binding arbitration of disputes between the parties, defendant urges that the trial court had no subject matter jurisdiction of this action, and that plaintiff has no cause of action. Furthermore defendant contends that plaintiff is not entitled to any amounts remaining due under the contract because plaintiff did not prove that it had fulfilled its contractual obligation.
To determine whether the contract required binding arbitration, we look at the contract documents, which are in evidence. The parties used the American Institute of Architects preprinted contract form, A-107. From a reading of article 13 it does appear that the parties agreed to mandatory arbitration of any disputes between them: "All claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise." (emphasis added).
Yet it is clear from the typewritten addendum to article 13 that the parties abrogated the mandatory arbitration provision of the preprinted form contract in favor of permissive arbitration: "All claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof may, upon the mutual agreement of the parties hereto be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining." Where there is a conflict between preprinted provisions and subsequently written provisions in a contract, the subsequently written provisions control. Kuhn v. Stan A. Plauche Real Estate Co., 249 La. 85, 185 So.2d 210, 212 (1966).
Defendant's argument that the addendum is not part of the contract is specious, since the evidence shows that defendant prepared and issued it along with the preprinted contract form, and thus it was one of the contract documents as defined by articles 6 and 7 of the contract.[1] Defendant also argues that because the only signature on this addendum page is that of plaintiff's representative, there is no evidence that both parties agreed to it. Yet the contract documents were prepared by defendant and sent to plaintiff for its signature; defendant cannot claim now that it did not agree to the addendum. Defendant offered the addendum, with a signature space only for the plaintiff, and plaintiff accepted, as is evidenced by the signature of its representative thereon. The parties thus agreed from the beginning to permissive, not mandatory, arbitration. Consequently defendant's arguments regarding lack of subject matter jurisdiction and failure to state a cause of action, because they are based on the false premise that the contract requires mandatory arbitration, have no merit.
According to defendant, plaintiff did not prove that it fulfilled its contractual obligation, and therefore it is not entitled to recover any money on the contract. Where there is substantial performance of a construction contract,[2] the contractor may receive the contract price, and the owner is relegated to having the price reduced by the amount necessary to perfect or complete the work. Huguet v. Musso Partnership, 509 So.2d 91, 93 (La.App. 1st *423 Cir.1987). Unquestionably, the contract at issue, wherein plaintiff agreed to apply exterior coating to a building, including all necessary labor and materials, is a building contract. Whether there is substantial performance is a fact question, which the court must answer by considering the defect or nonperformance, the degree to which it defeats the purpose of the contract, the ease of correction, and the use or benefit to the owner of the work performed. Id.
At the confirmation hearing plaintiff made a prima facie showing that it completed all the work called for in the contract except the work defendant prevented it from doing. Article 18 of the contract does give the owner the right to order changes in the work, but all such changes must be authorized by written change order signed by the owner and the architect, and the cost or credit to the owner from a change "shall be determined by mutual agreement." The change orders in evidence are not signed by the architect, and the record belies any mutual agreement of a credit to the owner. In fact, plaintiff's representative, Curtis Ken Scott, testified that his firm did not even know that it was supposed to be on the job when it received the first change order, showing that certain work had been done by another contractor.
Once the parties agree that a contractor will do a certain job, the owner has no right to unilaterally give a part of that job to another and then charge back the amount paid against the contract price. General Refrigeration Co. of Lake Charles v. Style Home Builders, 379 So.2d 1211, 1213 (La.App. 3d Cir.1980). Where the owner is unjustified in directing another to do part of the contract work, the contractor is entitled to be paid for the work he performed without any offset for the amount paid by the owner to have the other party do the work. Ryan v. Alexander, 336 So.2d 944, 945-946 (La.App. 2d Cir.1976).
Because the judgment appealed from is a default judgment, the record contains only the evidence introduced by the plaintiff; there is no evidence that defendant was justified in giving part of plaintiff's job to another. And because our review is necessarily limited to the record, we must conclude that defendant's action was not justified.
The record also indicates that defendant sought to charge back $350.00 against the contract price for repairs to windows and a conduit allegedly damaged when plaintiff did the work on the building. Mr. Scott testified that no damage had been done. Furthermore defendant sought to charge $7,500.00 against the contract because defendant was unhappy with the color of the exterior. According to Mr. Scott's testimony, defendant complained of the color as plaintiff began to apply the exterior. Plaintiff's use of local sand in its stucco mix made for a darker color than defendant had wanted. However when plaintiff offered to have different sand shipped in if defendant wanted to wait, defendant chose to continue with the color created by the local sand mix. Then two weeks later defendant called and asked plaintiff to come back and apply another coat of stucco over the original coat in order to make it the right color. Plaintiff reluctantly agreed to make the change but told defendant the change was going to cost the plaintiff $7,500.00. Subsequently plaintiff received the $7,500.00 chargeback. The last change order in evidence charges back $890.00 against the contract price for exterior painting of one side of the building. Mr. Scott testified that he did not even have knowledge that the painting was done.
A party seeking to have the contract price reduced by an amount to perfect or complete work done under the contract bears the burden of proving the necessity of such perfection or completion and its cost. Acadiana Health Club, Inc. v. Hebert, 469 So.2d 1186, 1190 (La.App. 3d Cir. 1985). Defendant offered no evidence that any of the amounts charged back were necessary to complete or perfect the work. Nevertheless the evidence indicates that plaintiff agreed to a chargeback of $1,514.05 for the work done by the other contractor. Therefore since the unpaid balance on the contract is $15,951.27, plaintiff *424 is entitled to recover that entire amount less $1,514.05.
For the foregoing reasons, the judgment of the trial court in favor of plaintiff and against defendant for $14,437.22, together with legal interest from date of judicial demand and for all costs, is hereby affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] According to articles 6 and 7, the contract documents include plans and specifications; the preprinted agreement, with general, supplementary, and other conditions; drawings; specifications; all addenda issued prior to the execution of the agreement; and all modifications issued by the architect after execution of the contract, such as change orders, written interpretations, and written orders for work changes.
[2] In construction contracts, the purchaser has some control over the specifications of the object, and negotiations take place before the object is constructed. Furthermore a building contract contemplates that the builder will furnish materials as well as his skill and labor. Acadiana Health Club, Inc. v. Hebert, 469 So.2d 1186, 1189 (La.App. 3d Cir.1985).