ARMSTRONG, Judge.
This is a dispute involving the retention by the defendants of the plaintiffs’ $8,000.00 deposit after a real estate transaction fell through. The defendants, Mr. and Mrs. Andrew T. Graybar, appeal from the trial court's partial grant of the plaintiffs’ motion for summary judgment, which ordered the Graybars to return the plaintiffs’ deposit and which reserved “for later adjudication” all other disputed claims. Because we agree that there are no genuine issues of material fact in dispute, and that the plaintiffs were entitled to judgment as a matter of law, we affirm the judgment of the trial court.
Doctor and Mrs. James C. Beilina entered into an agreement with Mr. and Mrs. Andrew T. Graybar to purchase the Gray-bars’ home. Pursuant to this agreement the Beilinas tendered two deposits totalling $8,000.00. The sale did not go through, the Graybars retained the Beilinas’ deposit, and the dispute in the trial court concerned whether the Beilinas were entitled to recover their deposit.
*849 Among other conditions, the original agreement provided that the Beilinas would not be required to purchase the Graybars’ home unless Citicorp Homeowners, Inc. (“Citicorp”) permitted the Beilinas to assume the remaining balance on the Gray-bars’ mortgage loan (“the financing condition”). The parties dispute whether this financing condition was removed in a subsequent amendment to the original purchase agreement. In any case, Citicorp did not approve the Beilinas’ application to assume the Graybars’ loan. Consequently, the Beilinas did not purchase the Graybars’ home by the contract closing date. The Beilinas then requested that their deposit be returned. When the Graybars refused to give it back, the Beilinas filed suit to recover their $8,000.00 deposit, as well as to recover their costs and attorney fees associated with the filing of their petition. The Graybars filed a reconventional demand alleging that the Beilinas breached the agreement (and were therefore not entitled to the return of their deposit) and that the breach entitled the Graybars to some $80,035.00. The Beilinas moved for summary judgment on both the main and the reconventional demand. The trial court granted partial summary judgment ordering the return of the Beilinas’ deposit and ordered all other claims at issue, including the Beilinas’ request for attorney’s fees and costs, and the Graybars’ reconventional demand, “reserved for later adjudication”. No written reasons for judgment were assigned.
On appeal, the Graybars argue that summary judgment as to the Beilinas’ claim for the return of their deposit was improperly granted because there were genuine issues of material fact as to: 1) whether the purchase agreement was conditioned upon Citi-corp’s permitting the Beilinas to assume the Graybar’s loan; 2) whether the Beilinas acted in good faith in applying to Citicorp for consent to assume the Graybars’ loan; and, 3) whether the Beilinas correctly represented the amount they had for a down-payment. The Graybars also complain that the trial court’s partial grant of summary judgment was improper because it did not also rule as to their reconventional demand.

Issue Number 1

Is the issue whether the purchase agreement was conditioned upon Citicorp’s permitting the Beilinas to assume the Gray-bars’ loan genuinely in dispute? We think not. The Graybars concede that the original agreement conditioned the purchase on Citicorp’s permitting the Beilinas to assume the Graybars’ loan. Thus, according to this provision of the original agreement, if Citicorp would not permit the assumption, the Beilinas would not have to purchase the Graybar’s home, and their deposit would be returned.
The original agreement also contained a predication clause. This provides that the Beilinas were not obligated to purchase the Graybar’s home unless they were first able to sell their own home. Beneath that provision is another clause which in effect states, if the predication condition is removed, all financing conditions are removed, and all other terms of the agreement remain. The parties do not dispute that these terms appear in the agreement. The parties also agree that the predication was removed by an April 23, 1984 amendment to the original agreement. The Gray-bars thus argue that, the predication having been removed, so automatically the financing condition was removed. Therefore, the Graybars argue, the fact that Citicorp did not permit the Beilinas to assume the Graybars’ loan was no longer a precondition of the Beilina’s obligation to purchase the Graybars’ home. Accordingly, the argument concludes, when the Beili-nas refused to proceed to an act of sale on the contractual closing date, the agreement was breached, and the Graybars were entitled to retain the Beilina’s deposit. We disagree.
In their brief on appeal, the Gray-bars omit reference to another provision in the original agreement. In language typed on the pre-printed original agreement is written:
If predication is removed, purchaser must immediately apply for loan assumption..
*850 Thus, the pre-printed provision that, if predication is removed, all financing conditions are removed, is inconsistent with the typed provision requiring the Beilinas to apply for the loan assumption. Of course, where a pre-printed clause is followed by an inconsistent typed provision, the typed provision controls. Finishers Drywall v. B & G Realty, Inc., 516 So.2d 420, 422 (La.App. 1 Cir.1987); Kuhn v. Stan A. Planche Real Estate Co., 249 La. 85, 185 So.2d 210, 212 (1966). Thus, in the present case, it is clear that the financing condition still applied as a matter of law.
The Graybars nevertheless contend that, in addition to the original agreement, the amended agreement which removed the predication also removed the financing condition. We disagree. The amended agreement provides, in pertinent part:
We agree that every contingency of any kind has been met, that the agreement should now proceed to act of sale ... We will now immediately contact Citicorp Homeowners, Inc. to arrange the mortgage assumption.
The Graybars’ argument focuses on the first of the above quoted provisions, but their brief omits reference to the second. Of course, the interpretation of an unambiguous contract is a question of law, not fact. We think that the second paragraph clearly evidences the parties’ intent that the financing condition remain, but that all other contingencies are removed. In effect, the second paragraph operates as a qualification of, or exception to, the first. Accordingly, we hold that there is no genuine issue with respect to whether the purchase agreement was conditioned upon Citi-corp’s permitting the Beilinas to assume the Graybars’ loan.

Issue Number 2

Is the issue whether the Beilinas acted in good faith in applying to Citicorp for consent to assume the Graybar’s loan genuinely in dispute? We think it is. However, we nevertheless conclude that this is irrelevant because it is not a material fact in dispute unless the Graybars contend, which they do not, that Citicorp’s refusal to permit the Beilinas to assume the Graybar’s loan was earned by the Beili-nas’ alleged untimely application. Instead, the record indisputably reflects that Citi-corp’s denial had nothing to do with the timeliness of the Beilinas’ application. Rather, Citicorp specifically stated that it would not allow the assumption unless the Beilinas first sold their home.[1]
Apparently, Citicorp felt that the Beili-nas had insufficient income to pay two mortgages at the same time. Thus, even assuming arguendo that the Beilinas did procrastinate in making their application to Citicorp, such delay is clearly not a material breach because the delay was not the cause of Citicorp’s refusing to permit the loan assumption. Clearly, the bank would have denied the application whenever filed so long as the Beilinas still owned their first home. Accordingly, we hold that this issue is not a material fact in dispute.

Issue Number 3

Is the issue whether the Beilinas correctly represented the amount they had for a downpayment genuinely in dispute? We think there is no genuine dispute.
In the original agreement, the Beilinas represented that they had “$86,000.00 in cash and equity” for the down payment at the closing. On appeal, the Graybars contend that, by the contractual closing date, and indeed, at the time of making this representation, the Beilinas did not have $86,000.00 “in cash and equity”. Although not entirely clear, the Graybars appear to be saying that this alleged fraudulent representation somehow entitles them to retain the Beilinas’ deposit. First, the record clearly reflects that the Beilinas in fact had the $86,000.00 in cash and equity prior to the scheduled June 1, 1984 closing date. (The original closing date was earlier, but extended to June 1 by mutual agreement.) Indeed, the Graybars’ own brief states that on April 23, 1984 (more than one month *851 before the extended closing date of June 1), the Beilinas had $54,811.67 in their savings and checking accounts, and that on May 3, 1984 (one month before the extended closing date of June 1), the Beilinas borrowed $50,000.00 cash using the equity in their home as collateral for the loan. However, the Graybars go on to suggest that, in borrowing $50,000.00 based on the equity of their home, the Beilinas destroyed any opportunity they had of obtaining Citi-corp’s approval on the assumption of the Graybar loan. However, this is a separate issue from whether the Beilinas had the amount represented “in cash and equity”. They did. Moreover, even assuming ar-guendo that they did not have the funds as represented, such misrepresentation is irrelevant because, the deal did not fall through due to the unavailability of a down payment; rather, it fell through precisely— and only — because Citicorp would not permit the Beilinas to assume the Graybars’ loan unless they had first sold their own home. Accordingly, we hold this issue to be one not genuinely in dispute.
Finally, we find no error in the trial court’s “reservation for later adjudication” the Graybars’ reconventional demand. Finding no manifest error, the judgment of the trial court is affirmed.
AFFIRMED.

. The Graybars do not allege that the Beilinas acted in bad faith with respect to their attempts to sell their home.